UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STANLEY T. RICHARDSON,

      Plaintiff,

      v.

OP&CMIA, et al.,

      Defendants.

Civil Action 2:12-cv-00793
JUDGE GREGORY FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of two motions for summary judgment filed by Defendants Operative Plasters & Cement Masons' International Association ("OP&CMIA") (ECF No. 45) and OP&CMIA Local #132 ("Local #132") (ECF No. 46). The motions are unopposed. For the reasons that follow, the Court **GRANTS** the motions and enters judgment in favor of Defendants.

    **I.**    **BACKGROUND**

Plaintiff Stanley Richardson, who is African-American, brought this action for race discrimination and retaliation (among other claims) against several defendants. Plaintiff alleged that he was a member of OP&CMIA, which allegedly discriminated against African-American members and then retaliated against Plaintiff when he voiced his concerns at a union meeting. Plaintiff alleged that Local 132 was aware of his complaints and did not give him favorable jobs because of them.

The Court disposed of many of Plaintiff's claims in its August 27, 2013 Opinion &

Order.  (ECF No. 42.)  As explained in that filing, only Plaintiff's claims for Title VII retaliation against OP&CMIA and Local 132 remain pending before the Court.

OP&CMIA and Local 132 filed separate motions for summary judgment.  In its motion, Local 132 indicated that Plaintiff did not respond to any of its discovery requests, including its requests for admission.

Plaintiff did not oppose either motion.  It appears that Plaintiff has not taken any action in this case since the Court issued its August 27, 2013 Opinion & Order.

**II.     ANALYSIS**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A judicial officer in this district summarized the summary judgment standard as follows:

> The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. [*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).]  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." [*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e))].
>
> Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324.
>
> . . .

> Finally, in ruling on a motion for summary judgment, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c)).

*Novotny v. Elsevier*, No. C-3-05-424, 2007 WL 2688171, at *11–12 (S.D. Ohio Sept. 10, 2007), *aff'd*, 291 F. App'x 698 (6th Cir. 2008).

In a Title VII retaliation case like this one, the plaintiff bears the ultimate burden of proving that his or her employer "discriminate[d] against any of [its] employees ... because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e–3(a). The plaintiff can prove his or her claims through direct or indirect evidence. *See, e.g., White v. Columbus Met. Housing Auth.*, 429 F.3d 232, 238 (6th Cir. 2005).

If the plaintiff relies on indirect evidence, courts utilize the oft-cited *McDonnell-Douglas* burden-shifting framework to analyze the claim. *See id*. Pursuant to that framework, the plaintiff bears the initial burden of establishing a prima facie case. *Id*. The plaintiff must therefore demonstrate that he or she engaged in protected activity, that the protected activity was known to the employer, that a materially adverse action was taken against him or her, and that there was a causal connection between the protected activity and the adverse action. *Mulhall v. Ashcroft*, 287 F.3d 543, 551 (6th Cir. 2002) (citing *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997)).

Only after the plaintiff establishes his or her prima facie case does the burden of persuasion shift to the employer. *See White*, 429 F.3d at 238. In other words, if the plaintiff fails

to set forth specific facts—in the form of "some type of evidentiary material" rather than unverified pleadings—that establish his or her prima facie case, then summary judgment in favor of the employer is proper.  *See Novotny*, 2007 WL 2688171, at *11–12.

Here, both OP&CMIA and Local 132 satisfied their initial burden of informing the Court of the basis for their motions and identifying the lack of any supporting evidence for Plaintiffs' claims.  Specifically, Local 132 argues that Plaintiff failed to specify the protected activity in which he allegedly engaged and that there exists no causal connection between any protected activity and an adverse employment action, among other arguments.  OP&CMIA argues, *inter alia*, that Plaintiff failed to identify a specific claim against it and that it cannot be held vicariously liable for Local 132's actions.

The burden therefore shifts to Plaintiff to provide direct evidence of retaliation or establish a prima facie case of retaliation.  Because Plaintiff failed to respond to the motions or otherwise identify any evidence that supports his allegations (indeed, it appears that Plaintiff did not participate in the discovery process at all), he fails to meet his burden of proof.  Summary judgment in Defendants' favor is proper.

    **III.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the pending motions for summary judgment.  (ECF Nos. 45 & 46.)  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE